---

On Petition for Review of a Final Marketing Denial Order
by the U.S. Food and Drug Administration

---

**REPLY IN SUPPORT OF PETITION FOR REHEARING EN BANC OF ORDER GRANTING STAY PENDING REVIEW**

---

*Of Counsel:*

SAMUEL R. BAGENSTOS
*General Counsel*
*Dep't of Health and Human Services*

MARK RAZA
*Chief Counsel*
WENDY S. VICENTE
*Deputy Chief Counsel for Litigation*
WILLIAM H. RAWSON
*Associate Chief Counsel*
SARAH E. ROSENBERG
*Assistant Chief Counsel*
*Food and Drug Administration*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SARAH E. HARRINGTON
*Deputy Assistant Attorney General*

ALISA B. KLEIN
LINDSEY POWELL
JOSHUA M. KOPPEL
CATHERINE PADHI
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 514-1597
Alisa.klein@usdoj.gov

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required because the Food and Drug Administration is a government agency. Fifth Cir. R. 28.2.1.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ....................................................... i

TABLE OF CONTENTS .......................................................................................... ii

TABLE OF AUTHORITIES .................................................................................. iii

INTRODUCTION ..................................................................................................... 1

REASONS FOR GRANTING THE PETITION ..................................................... 3

    A.    The Stay Order Encroaches On The Exclusive Authority Of The D.C. Circuit And Fourth Circuit ........................................... 3

    B.    The Stay Order Presents The Same Merits Issues That The Court Is Considering En Banc In *Wages* ........................................... 7

CONCLUSION ....................................................................................................... 10

CERTIFICATES OF SERVICE AND COMPLIANCE

## TABLE OF AUTHORITIES

**Cases:**  **Page(s)**

*Avail Vapor, LLC v. FDA*,
  55 F.4th 409 (4th Cir. 2022) ...................................................................... 9

*Big Time Vapes, Inc. v. FDA*,
  963 F.3d 436 (5th Cir. 2020) ...................................................................... 6

*Prohibition Juice Co. v. FDA*,
  45 F.4th 8 (D.C. Cir. 2022) ..................................................................... 8, 9

*United States v. Philip Morris USA Inc.*,
  566 F.3d 1095 (D.C. Cir. 2009) .................................................................. 9

**Statutes:**

21 U.S.C. § 333(f)(8) ...................................................................................... 6

21 U.S.C. § 387j(c)(2) ..................................................................................... 6

21 U.S.C. § 387j(d)(2) ..................................................................................... 6

21 U.S.C. § 387*l*(a) ........................................................................................ 4

**Rules:**

*Rules and Internal Operating Procedures for the Fifth Circuit* (Apr. 2023) ....... 2-3

# INTRODUCTION

Our petition explained why the Court should rehear the stay order in this case in conjunction with the en banc proceeding in *Wages & White Lion Investments, LLC v. FDA*, Nos. 21-60766 & 21-60800 (5th Cir.). With notable understatement, R.J. Reynolds Vapor Company (RJRV) admits that the merits issues "overlap." Resp. 1. In seeking a stay, RJRV represented that the stay order in *Wages* rested on "materially identical facts," Stay Mot. 10, and that the Food and Drug Administration (FDA) "cannot distinguish *Wages*," Stay Reply 1. Although RJRV now contends that the issues are different, its amicus brief in *Wages* made the same arguments that it now claims are not presented in *Wages*—including the argument that FDA effectively banned non-tobacco-flavored e-cigarettes through an undisclosed tobacco product standard. *Compare* Resp. 8-9, *with* Brief of Amicus Curiae R.J. Reynolds Vapor Company in Support of Petitioners on Rehearing En Banc at 2-3, *Wages & White Lion Invs., LLC v. FDA*, Nos. 21-60766 & 21-60800 (5th Cir. Mar. 6, 2023).

The RJRV stay order presents an important threshold issue that vastly increases the potential ramifications of the *Wages* en banc decision. The D.C. Circuit, Third Circuit, Fourth Circuit, and Seventh Circuit all have

ruled in favor of FDA on the central issues presented in *Wages*. However, the motions panel allowed RJRV to circumvent the decisions of the D.C. Circuit and Fourth Circuit—the only circuits where RJRV could properly file a petition for review—by recruiting convenience stores, gas stations, and other retailers from within this Circuit to join RJRV's petition. Indeed, the motions panel treated the presence of such retailers as sufficient without considering whether they meet the statutory criteria for review in this Court. That threshold ruling makes the geographic constraints in the Family Smoking Prevention and Tobacco Control Act's (TCA) direct-review provision meaningless because tobacco products are routinely sold through local retailers across the country. Clearly, it is appropriate for the en banc Court to consider whether a decision for the *Wages* petitioners would open this Court's doors to manufacturers across the nation and circumvent the geographic constraints on judicial review that Congress established—and potentially the decisions of sister circuits.

    RJRV's assertion (Resp. 1) that the en banc Court is powerless to correct the motions panel's errors is baseless. This Court's Internal Operating Procedures make explicit that such interim rulings are subject to en banc review. *Rules and Internal Operating Procedures for the Fifth Circuit*

36-37 (Apr. 2023) (addressing the handling of en banc petitions from non-dispositive orders in non-capital cases).  And as RJRV acknowledges (Resp. 4 n.3), the en banc Court reheard and vacated a motions panel's stay order in another case.  RJRV's grab-bag of other objections provides no reason to prolong a stay that encroaches on the authority of other circuits.  RJRV informed the motions panel that it filed "a protective petition in the D.C. Circuit on February 22."  Stay Reply 7 n.3; *see R.J. Reynolds Vapor Co. v. FDA*, No. 23-1049 (D.C. Cir.).  Accordingly, this Court should vacate the stay order and transfer RJRV's petition for review to the D.C. Circuit.[1]

## REASONS FOR GRANTING THE PETITION

### A.  The Stay Order Encroaches On The Exclusive Authority Of The D.C. Circuit And Fourth Circuit

The threshold issue in this case is whether the stay order encroaches on the authority of the D.C. Circuit and Fourth Circuit.  Clearly, it does.

**1.**  RJRV's assertion (Resp. 6) that this threshold issue was forfeited is baseless.  RJRV's stay motion failed to disclose where RJRV was

---

[1] This Court should do the same for the follow-on petition for review involving RJRV's Vuse Solo product, *see* Resp. 1 n.2, which is likewise the subject of a petition for review in the D.C. Circuit, *R.J. Reynolds Vapor Co. v. FDA*, No. 23-1099 (D.C. Cir.).

incorporated or has its principal place of business. Thus, FDA's opposition explained that it was "unclear whether any petitioner both is a 'person adversely affected' by the challenged order and 'resides or has [its] principal place of business' in this Circuit, so as to make review by this Court appropriate under 21 U.S.C. § 387*l*(a)." Stay Opp'n 9 (alteration in original). FDA further explained that the retailers failed even to establish standing. Stay Opp'n 10.

The motions panel deemed it sufficient "that 'at least one' petitioner—namely, RJRV—has standing" and that a different petitioner—namely, the Mississippi Petroleum Marketers and Convenience Stores Association—"is incorporated in and has its principal place of business in Mississippi." Stay Opinion 4 & n.5. RJRV does not attempt to defend that ruling. Instead, RJRV asserts that "[v]enue is not lost by the subsequent dismissal of a party whose presence was necessary to establish venue." Resp. 14. But the cases on which RJRV relies stand only for the proposition that the subsequent dismissal of a party that *properly* brought suit does not divest a court of authority to adjudicate the case. Here, no petitioner was properly before this Court in the first place.

**2.** As RJRV acknowledges (Resp. 13), by virtue of the TCA's confidentiality requirements, the retailers that joined its petition for review were not privy to the contents of RJRV's marketing application or to the rationale for FDA's denial order. As the motions panel noted, RJRV's application "spanned over 150,000 pages." Stay Opinion 4 n.3. And the Technical Project Lead Review (TPL) that underlies FDA's denial order was 75 pages long. *See* Stay Opp'n Addendum. In successfully moving to seal proceedings in this Court, RJRV emphasized that disclosure of such materials "would cause substantial and irreparable harm" to the company. RJRV's Mot. to Seal Pet'rs' Mot. for Stay 6 (Feb. 1, 2023).

Now, RJRV suggests that a retailer might be able to "obtain the applications with necessary redactions as part of the administrative record," Resp. 13, and might be able to obtain "the underlying order during the course of judicial review or through a FOIA request," *id.* But even assuming arguendo that a retailer might *eventually* be able to obtain access to enough non-redacted materials to form a good-faith basis to challenge a marketing denial order, RJRV does not suggest that the retailers here had access to those confidential materials before the petition for review was filed.

5

The fact that a retailer can challenge *other* FDA actions—such as the civil monetary penalties that FDA may impose against a retailer that unlawfully sells tobacco products, *see* 21 U.S.C. § 333(f)(8)—has no bearing on whether a retailer can petition for review of a marketing denial order. Congress specified that the manufacturer alone can challenge the withdrawal or suspension of a marketing granted order, *id.* § 387j(d)(2), which confirms that Congress gave retailers no right to contest FDA's determination that a new tobacco product should not be marketed.

**3.** More generally, RJRV is wrong in asserting (Resp. 12) that retailers are within the zone of interests protected by the TCA provisions that govern new tobacco products. Those provisions require FDA to deny an application to market a new tobacco product unless FDA finds that "permitting such tobacco product to be marketed would be appropriate *for the protection of the public health.*" 21 U.S.C. § 387j(c)(2) (emphasis added). Protecting the profits of retailers forms no part of that analysis. *See Big Time Vapes, Inc. v. FDA*, 963 F.3d 436, 444 (5th Cir. 2020) (explaining that the TCA's objectives are "protecting public health" and "preventing young people from accessing (and becoming addicted to) tobacco products").

### B. The Stay Order Presents The Same Merits Issues That The Court Is Considering En Banc In *Wages*

If this Court does not transfer this case to the D.C. Court, it should vacate the stay order on the merits because it rests on the same central errors as the stay order in *Wages*.

**1.** RJRV attempts to distance this case from *Wages* by asserting that "youth use flavors such as candy, dessert, and sweets almost 44% *more* than they use menthol-flavored products." Resp. 8. That assertion is a math trick: RJRV has compared menthol use alone with the combined use of other flavors. Moreover, the 2022 article that RJRV cites (which FDA discussed) found that menthol-flavored products account for a similar percentage of youth use (26.6%) as mint-flavored e-cigarettes (29.4%). *See* TPL 40. RJRV does not defend the motions panel's erroneous suggestion that menthol-flavored products account for only 2% of youth e-cigarette use, which rested on outdated data. *See* Stay Opinion 10.

**2.** RJRV's marketing-plan argument is equally off base. RJRV emphasizes (Resp. 8) that menthol-flavored products were not addressed in the 2020 FDA guidance that found marketing restrictions inadequate to prevent youth from obtaining e-cigarettes with popular flavors. But as just

7

explained, FDA has since found that menthol-flavored products are popular among youth. The statements in the 2020 guidance therefore apply equally to such products. FDA analyzed RJRV's marketing plan in detail, TPL 33-37, and found that RJRV did not propose any "materially different measures from those that FDA has previously considered and found insufficient," TPL 37. RJRV does not identify any novel restrictions that FDA overlooked.

**3.** RJRV contends that the risk its menthol-flavored products pose for youth is outweighed by the benefit such products offer for adults who want to quit smoking the deadly combustible cigarettes that RJRV's corporate affiliates and other companies sell. FDA carefully examined RJRV's evidence to see whether that claim was substantiated and, in particular, whether the menthol-flavored products provide a sufficient benefit over tobacco-flavored products to justify the higher risk for youth.

RJRV objects to that comparison, but, as the D.C. Circuit explained, it is required by the TCA: "the statute not only allows but expressly instructs the FDA to consider evidence regarding just the comparison that the manufacturers say the FDA lacks statutory authority to make." *Prohibition Juice Co. v. FDA*, 45 F.4th 8, 19 (D.C. Cir. 2022). "FDA has all along required

8

'valid scientific evidence,' and its denial orders explained how the survey data petitioners submitted fell short of the mark." *Id.* at 23; *see Avail Vapor, LLC v. FDA*, 55 F.4th 409, 423 (4th Cir. 2022) (explaining that evidence of "long-term impact" on smokers' behavior is not the same as "a long-term study" (emphases omitted)).

**4.** Finally, FDA's extensive analysis in the TPL of RJRV's evidence belies RJRV's assertion (Resp. 8-9) that FDA secretly created a tobacco product standard that bans all non-tobacco-flavored e-cigarettes. Although the motions panel in this case adopted that argument, it was apparently unaware that the cited source was an industry-funded magazine. *Cf. United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1107 (D.C. Cir. 2009) (per curiam) (noting the misleading nature of publications funded by R.J. Reynolds and other tobacco companies).

RJRV emphasizes (Resp. 9) that FDA has, to date, denied applications to market other flavored e-cigarette products. But those denials reflect the fact that, in adjudicating those applications, FDA found that the evidence failed to make the showing required by the TCA. Other courts of appeals reviewed and upheld those denial orders, and RJRV has no basis for insinuating that unanimous panels of the D.C. Circuit, Third Circuit,

Fourth Circuit, and Seventh Circuit failed to understand the evidence that was before them in their respective cases.

## CONCLUSION

In conjunction with the en banc proceedings in *Wages*, the en banc Court should vacate the RJRV stay order and transfer this case to the D.C. Circuit.

Respectfully submitted,

*Of Counsel:*

SAMUEL R. BAGENSTOS
*General Counsel*
*Dep't of Health and Human Services*

MARK RAZA
*Chief Counsel*

WENDY S. VICENTE
*Deputy Chief Counsel for Litigation*

WILLIAM H. RAWSON
*Associate Chief Counsel*

SARAH E. ROSENBERG
*Assistant Chief Counsel*
*Food and Drug Administration*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SARAH E. HARRINGTON
*Deputy Assistant Attorney General*

ALISA B. KLEIN
/s/ Lindsey Powell
LINDSEY POWELL
JOSHUA M. KOPPEL
CATHERINE PADHI
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*
(202) 514-1597
Alisa.klein@usdoj.gov

May 2023

# CERTIFICATES OF SERVICE AND COMPLIANCE

I hereby certify that on May 3, 2023, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

I further certify that this reply contains 1,891 words and complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in 14-point Book Antiqua, a proportionally spaced typeface.

/s/ Lindsey Powell
LINDSEY POWELL